Good morning. May it please the Court, I'm James Laughlin and I represent the appellant Maliek Grissett. With the Court's permission, I'd like to reserve two minutes of my time for rebuttal. Unless the Court would like me to do otherwise, I plan to start with the suppression issues and then turn to the sentencing issue if there's any time remaining. The District Court denied the suppression motion on the theory that the two deputies initiated a consensual encounter with the occupants of the SUV and then conducted a legitimate parole search of Mr. Grissett. That was wrong because the government didn't meet its burden under the Fourth Amendment as to either of those two issues. In fact, the only testifying deputy said unequivocally that although he and his partner got out of their patrol car with the intent to initiate a consensual encounter, they had decided to initiate a detention instead before they reached the SUV. And their conduct after that point demonstrates that intent. Most importantly, Deputy Garcia, who had his gun drawn, went to the rear of the SUV. Without asking for permission, he opened the rear door where Mr. Grissett was sitting and thereby startled him. No reasonable person under that set of circumstances would have felt he was free to just ignore the deputy and go on about his business. Okay. Counsel, on the question of intent to detain as opposed to intent to conduct a consensual encounter, would the smell of marijuana have provided them with probable cause for the detention or sufficient cause for the detention, reasonable suspicion? I think, well, there's an open question, a factual question about whether there was a smell of marijuana. And I think that under certain circumstances, the smell of marijuana could provide reasonable suspicion to initiate an encounter. Did the district court make any findings with respect to the marijuana? No. In fact, quite the opposite, Your Honor. He made the express find decision that statement that he wasn't making a finding. Although as he did so, he noted that the defense made some very good points, including that Deputy Garcia raised for the very first time in the evidentiary hearing that he supposedly found marijuana roaches inside the car, a fact that he never documented in his police report or in his photographs, even though he photographed other things like the alcoholic beverage Mr. Grissett was holding at the time. So that was suspicious. Do we know why the other officer didn't testify? That was the other thing that the district court found very suspicious. There was no explanation as to why they didn't testify. But the court, in saying that it wasn't reaching the issue of marijuana, but noting the defense raised good points, said I also think it's a good point that the government didn't bother to call the other officer who could have either corroborated or refuted. This was a bench trial. Is that correct? Well, this is a suppression hearing followed by a bench trial. So there was a bench trial. Does the question of whether or not the officer smelled the marijuana get resolved through the bench trial? No. Well, first, my position would be that although we put the transcript in the record that the suppression hearing has to be based on the suppression hearing alone, that being said, I don't think that the trial adds anything. Deputy Garcia testified, again, in general terms about smelling marijuana, but I don't think it changed anything regarding his earlier testimony. And although the other deputy was called and did testify at trial about finding the gun, that deputy said nothing about the events leading up to the beginning of the encounter, namely whether or not, nothing to buttress the claim that made by Garcia about smelling marijuana. So if the question of marijuana is not resolved in the suppression hearing and you think that that is the logical place to do it, then what do you want us to do? Well, as I said, I think that the to the extent the court finds that any factual findings are relevant to how it thinks this case should be decided. If it thinks the key issue – if it agrees with us that this was not a consensual encounter, therefore, there has to be reasonable suspicion, and part of the government's reasonable suspicion argument is this marijuana issue, then it can't resolve those issues itself. It has to send it back to the district court. We propose that it does what it did in the Cazares case, which is this panel retains jurisdiction, sends it back for limited facts findings, saying specifically Judge Fitzgerald, make factual findings to this, this, and this because we think this is important. Then it comes back here, maybe do some supplemental briefing on what the court found, and then the court makes the final decision on all of these issues. Counsel, Judge Gould, if I could interject a question, please. I agree we could do what you're saying, but I have a preliminary question or threshold one. Do police have reasonable suspicion that permits them to open a car door when the car has tinted windows, and when they know from a brake light someone's in the car, do they have reasonable suspicion to just open the door and see who's here, you know, see who's there to make sure they're not in an unsafe territory? No, Your Honor, I don't think so. I think that there's two issues, I think, encompassed by that question. First is the level of reasonable suspicion that allows the court to start the encounter in the first I'm sorry, allows the deputies to start the encounter in the first place. Then it becomes a question about whether the information they have at the start and other allows them to take the actions that they do at that point. I would argue that under the circumstances we have here, where they're purportedly investigating a possible personal use of marijuana, that without asking permission and just opening the door with apparently guns drawn exceeded the scope of what would be justified under the circumstances. Counsel, you said with guns drawn, and you've mentioned that a couple of times. Does it matter? First of all, I don't think the district court made any findings regarding whether guns were drawn or not. It wasn't critical to the district court's decision. But secondly, does it matter, one, whether they were drawn and, two, how they were drawn? I would say no, but to the extent the court thinks so, that's another factual issue that needs to be addressed by the district court. So let me explain. I think that even if the gun was holstered, the other circumstances surrounding the encounter, namely opening the door without permission, was enough to communicate to a reasonable person inside that I do not, I can't just ignore this officer and walk away. And as we pointed out in the brief, that's particularly true here where the defendant is African American. This happened in Compton where even the deputy was saying that they consider this a gang infested high crime area. And given the publicity of police shootings, to think that somebody like Mr. Grist is just going to say, you know, get out of my way, officer, I'm walking away, is kind of ridiculous, regardless of whether his gun is drawn. I think having a gun drawn, and here's the situation, current state of the record. Mr. Jones, who was in the vehicle, said the officers had their gun drawn. Deputy Garcia, the only testifying officer, testified, you know, I can't remember. Maybe it was drawn or maybe it wasn't. So I think that given the evidence of the record, I think we can infer guns were drawn. Otherwise, Mr. Garcia or Deputy Garcia would have said so. But certainly a gun being drawn would, it's one of the five factors that the court considers in judging a consensual encounter. So if the court in its analysis thinks that's a dispositive factor, I would add that to the list of the things that Judge Fitzgerald has to make the factual finding on. So going back to the options with regard to that, again, the court could and I recommend does retain jurisdiction while these factual findings are made. But regardless of whether it does that or orders a more traditional remand, I would request that the court instruct Judge Fitzgerald that the decisions have to be made on the existing factual record. The government had the obligation at the evidentiary hearing to present the evidence it needed to prove exceptions to the Fourth Amendment applied. And it didn't. And it shouldn't get a second bite of that apple. I see that I'm down to about a couple of seconds. Roberts. You want to reserve that? Yes. Thank you. Thank you, counsel. Mr. Yang. Good morning, Your Honors. Ryan Yang, appearing on behalf of Respondent of the United States. May it please the Court. On June 30, 2016, deputies Miguel Garcia and Edward Gonzalez were able to safely seize a loaded handgun from defendants on convicted felons. They were able to do so by relying on their training, their experience in the area that they were patrolling, and good investigative techniques. The district court below, after hearing several hours of testimony from the government's witness and the defendant's witness, denied the defendant's motion to suppress. It found that the deputies lawfully approached the forward expedition and asked the occupants whether anyone was on probation or parole. Counsel, Judge Gould, if I could ask you this question. Did they ask that question before they opened the door or after they opened the door? And does that matter? I don't believe it changes the calculus of whether a reasonable, innocent person in that situation would have felt like their liberty was restrained. But the record suggests that it occurred after the door was open, Your Honor. And so the government's position is that this was consensual? Yes, Your Honor. How can it be consensual? They're trapped in a car. They're sitting in their driveway in a car. The officers, without announcing anything else, no, there's no knock and announce, just simply open the door. Testimony from one of at least one person in the car says the officer had his gun drawn and the officer doesn't remember whether he had his gun drawn. That doesn't sound like a consensual encounter. I submit, Your Honor, that the district court did not clearly err in holding that it was a consensual encounter. Okay. Well, let's take the facts as it looks like what the district court found, okay? So if there's a gun and the officers open the door before they can talk to anybody, then how does that make it consensual? How do you get to that ultimate finding of fact? Because this court's president looks at various factors to determine whether. Well, tell me what the occupants could have done. Could the occupants have said, you know, we're really not interested in talking with you. If you're going to bug us, we're just going to go back in the house. And they would have been free to do so? I think Mr. Gorsuch can very well. Mr. Yang, they weren't free to do so, were they?  They're trapped in a car. In United States v. Kim, Your Honor, the occupants were also in a car, in a parked car. The liberty that was restrained wasn't any more so than prior to when the officers had initiated the encounter. Going back to what Mr. Gould has said, to put that situation in context, the deputies were investigating whether the occupants were casing out an apartment or a home to commit murdery. Because the brake lights were on. Sure. And so as they were approaching, the front windows were down, the back windows were tinted, and they didn't know how many individuals were in the vehicle. And, Your Honor, whether – I think it would be a mistake for us to try to divide and conquer the various factors that this Court found constituted consensual, that that contributed to this encounter being consensual. Well, if it wasn't consensual, then are you done? Do you lose your side of the case? No, I submit that's not the case, Your Honor. There were reasonable, articulable suspicions for the deputies to approach the foreign expedition and to inquire, and even to do a Terry stop. What were they? First of all, the smell of marijuana odor that was – That was resolved by the District Court. I'm sorry, Your Honor? Did the District Court find that the officers smelled marijuana? No, Your Honor. Okay, so how do we – in fact, the District Court specifically said whether or not they could smell the marijuana, right? Right. Okay, so why does the marijuana then come into the government's case? Because this Court can affirm on any grounds. Wait, you're asking us to make a finding here? The District Court didn't make the finding. You want us to make the finding? No, this Court's precedent says that this Court can affirm on any ground, and I think the fact that the deputies smelled marijuana can be – But the District Court didn't find that they smelled marijuana. No, it didn't. Counsel, so how are we supposed to make that finding? Even without that – Okay, that's what you have to do, Counsel. You've got to take the District Court at what it said, at least we do, because the District Court is making the credibility findings here. Even – So if there's no marijuana smell, now tell me how the government gets to – that this was a detention, that it still wins if this is a detention. I don't think it goes – So I think there was a reasonable articulable suspicion to approach and to ask whether the occupants were on probation or parole. And the factors that contribute to that suspicion is the officers knew that there was an uptick in crime in the area, that the area was controlled by the Nanny Block gang. They knew that burglary occurs around this time. They noticed that the foreign expedition was stationary but then was still running because the brake lights were on. Does that mean that any resident of Compton should worry about parking in their driveway and using the brake and tapping the brakes? If that's all it takes then, any resident of Compton sitting in their driveway, if they tap the brake lights, can be approached by the officers. What's different here, counsel, from anybody else in Compton? I think I would – Do we not want people in Compton to use their brakes? That's not my position. Okay, so what is the government's position? The government's position is that this court should, as the Supreme Court instructed in the United States v. Arvizu, not allow the analysis to be – to give deference to the deputies' training and experience in this area and that courts should not, like, be what divide and conquer for the analysis. All of those are good general principles. I'm just trying to figure out what the government's got here that suggests that there's reason to stop these guys. They're sitting in a car in a driveway and the brake lights have been tapped. That's enough? I think it's enough to approach and ask whether anybody's – Is it enough with a gun drawn to open a back door? For officer safety, I believe yes. I don't think that alone makes it an arrest or a custody. It might make it a detention with reasonable – But it doesn't make a consensual search, does it? The government's position is that the district court did not clearly err in finding that it was consensual. Isn't the government's best case here really the marijuana? I don't know, Your Honor, because, I mean, the standard is clear error. I don't think it's illogical or impossible. Clear error goes to findings of fact. Where are the findings of fact here? Counsel, if I could interject something. Sure. You know, you're correct. We can affirm on any grounds supported by the record. If the record only showed evidence that there was marijuana smell in the air, I think we could affirm that. We could affirm that would give suspicion to what was done. However, my understanding was that there was evidence on both sides of that issue. That is that the officer, one officer said he smelled marijuana, but I thought somebody, one of the defendants, or one of the people in the car, but not the appellant, said no one could smell anything. The windows were rolled up. Sure, and that kind of credibility finding was determined in – that kind of credibility dispute was fleshed out before the district court, Your Honor. As to the passenger, Mr. Jones, the district court's finding of the search being done pursuant to the defendant's parole status directly contradicts what Mr. Jones submitted via declaration and testified at trial. Therefore, implicitly, the district court found that Mr. Jones was not credible. And so I submit that – and the district court expressly found Deputy Garcia's testimony credible. So even if the district court did not expressly rule on the marijuana issue, as to all the other factual findings, I think this Court should, you know, give deference to that. Okay. Thank you. Very quickly, Your Honor, I know my time is up now. I wanted to address Judge Blimey's question on why the second deputy did not testify. The record's not clear, but the record does provide that the government did – that the defense requested to Deputy Gonzalez to be there to be cross-examined, and the government did make Deputy Gonzalez available. And the citation to that – But the government didn't call him? No. Okay. The citation to that is ER 37.  No. Okay. All right. Thank you. Mr. Laughlin. Just two minor points, unless the Court has questions it wants me to address, which was, one, and as I point out in the brief, this is – the question of consensual encounter is de novo. Factual findings underline our review for clear error, but the finding itself is de novo. And the only other thing I would point out is that this – I apologize, I'm blanking. So unless the Court has any further questions, I'll submit. I have one question for you. What's your best authority on your – that supports your premise that if we choose to remand in this case, that it has to be on a closed rather than an open record? I don't think that the Court has – this Court has spoken clearly on it. I cited two out-of-circuit cases from the Fifth and Tenth Circuit, which I think support that. I think the closest thing within this circuit is this Court's decision in, I believe it's Pritchett, which is a sentencing case where it said that when a sentencing issue is raised and then the government advocates for a certain enhancement, that it has the obligation and duty at that time to prove up that enhancement to the best of its ability. And if it doesn't do that, the government doesn't get a second chance on remand to do that at sentencing. So I see no reason not to. That feels like a little bit different situation. If we remand this, shouldn't we remand it on an open record to get this right? You know, I don't think so. I mean, the Court often criticizes the defendants for wanting to do piecemeal litigation. And I think unless the Court emphasizes that the government in a suppression case has a very serious burden under the Fourth Amendment to prove up these exceptions to the Fourth Amendment it wants to invoke to uphold the search, then you'll have a situation like we have here. Well, let's put it on Deputy Garcia. Oh, that didn't work. Let's go back and we'll put it on the other deputy, see if that makes it a little bit better. So I think that's a possibility. That Gonsalves will get on the stand and testify that he didn't smell anything? He did or didn't? Did not. It's possible, yes. I mean, I don't know whether or not that's the reason they didn't have him file a declaration or put him on the stand or not. But I think that the government, certainly in this case, the government put on a very weak case and it shouldn't now be able to fill in the deficiencies just because of the luck of a remand because there are other factual disputes that relate, that were raised and were not resolved. Okay. Thank you very much. Thank you. Thank both counsel for the argument. United States v. Grissett is submitted.
judges: Gould, Bybee, Hernandez